Good morning, your honors. May it please the court, counsel. My name is Joanna Christensen and I represent Frank Plada in this matter. I have limited time and I feel like I'm kind of buttressing on Mr. Hillis' prior argument because we have very similar issues. To head off some of the concerns, the government has agreed to a full resentencing in this case, which will allow Mr. Plada to reassert these issues that he asserted prior to in front of the district court. I have discussed the possibility of a higher sentence with Mr. Plada, given him my risk assessment, as I do in every case, on that possibility. So he is aware. We have not challenged the exact same conditions. This is really challenging the standard conditions that this court has routinely struck down. Most district courts have changed their standard or discretionary condition language to account for our concerns and we are certain when it goes back, those will be changed. So given my limited time, unless the court has further questions, I will note that we are seeing some revocations on what I would call ministerial violations. In the central district? In the central district I have specific examples. We have one pending now for a defendant who has failed to get his GED. He's 57 years old. He's been sent to prison for failing to get his GED? Not yet. The revocation is pending. He's 57 years old and he's working in a job that doesn't require a GED. I'm also aware of a state case that came to this court and unfortunately I don't have the citation, I can't provide that, but the factual scenario is the inmate was given a CD containing his resume that he had prepared while in prison through a class in prison. He was given the CD upon his release. When a probation officer came to his house, because he was involved with child pornography, there was a limit on computers and peripheral computer equipment he was allowed to possess. He had not opened the envelope the CD was in, but he was revoked and sent back to prison for simply possessing the CD. That case was about six months ago in this court and I certainly can't provide that cite to this court. I think that on appeal from these cases, we want to raise issues such as the issues raised aside from the supervised release. For one, we didn't know at the time necessarily the government was going to agree to a full resentencing and that we were going to have a full resentencing of having waived an issue that could have been raised on appeal, which is why we raised these issues in addition to the supervised release issues. But as I indicated, the government agreed for a full resentencing and unless the court has disagreements with that they would like to address with me, I will reserve the rest of my time for rebuttal. Ms. Christensen, I was a little surprised to see on the one hand you arguing a failure to determine whether supervised release is necessary and also arguing that Mr. Plata had received treatment for medical and mental health issues while in prison prior to the instant offense but had never received adequate care for his conditions. After his reentry into society, he requested a shorter sentence in the instant offense to allow him to receive treatment and participate in programs when released that would make him less likely to reoffend. That sounds like supervised release in a lot of the conditions that you're also challenging. Right. In my brief, I challenged the procedural imposition of supervised release and I think that had I more carefully drafted it, I would have caught that discrepancy. Do you think it would have been responsible for the judge not to Right. Given this fellow's record. It was a procedural argument. The court had failed to do this as most district courts did prior to these cases. And given Mr. Plata's record, would it be reasonable on this agreed remand for the district judge to respond by saying to Mr. Plata in essence if supervised release is such a big problem for this violent career offender who has got what, 26 criminal history points? I believe so. At this time about twice what you need to max out under the guidelines. If this is such a problem, I need to protect the public from him so I'm just going to go to the top of the guideline range. I think that certainly can be a concern of the district court particularly in this case but must be balanced with the fact that he's never received that supervised release treatment, that continuing treatment after his. How old is he? I'm sorry? How old is he? I meant to look that up. He's 41 at the time of the PSR. Yeah, he's now probably close to mid 40s. So he's, and he does not deny that he's had a long criminal history. That certainly, he said to the judge I would sentence myself to prison. I don't think he would have given himself 151 months. I think we're at a point of diminishing returns with that sentence, that a lower sentence can probably achieve the same goals. Thank you. Okay, thank you Ms. Walsh. Ms. Ray? May it please the court, Alison Ray on behalf of the United States. Your Honor, as counsel stated the government is not contending that this case should not be remanded for review of the supervised release term as well as the conditions. However, the district court would ask that this court affirm the explanation and the consideration that the government gave, or excuse me, that the sentencing court gave in determining the 151 month sentence of imprisonment. In determining what? I can't hear you. The sentence of imprisonment, Your Honor. This court has repeatedly said that a district court need not tick off every single argument presented in mitigation, but instead that if a reasonable person who is familiar with the facts of the case would adequately understand why a court reached a sentence that it did, that a district court need not belabor the point. And in this case, there was an adequate record both in content and the context of the sentencing hearing for the 151 month sentence that was imposed. As to any supervised release conditions that are being challenged here, again the government has agreed there should be full remand for resentencing on those conditions, and the district court can address each condition in turn at that time. If there are no further questions, I would rest on the brief. Thank you, Your Honor. Thank you very much. Do you have anything further, Ms. Christensen? Nothing. Okay. Well, we thank you. Thank the defenders for their work for us.